UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KYLE STOKES,<br><br>    Petitioner,<br><br>    v.<br><br>COURT OF APPEALS,<br><br>    Respondent. | No. 2:16-cv-2197-EFB P<br><br>ORDER |

Petitioner is a county prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  He has applied for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

Under Rule 4 of the Rules Governing Section 2254 Cases a district court should dismiss a petition if it plainly appears from it and any attached exhibits that the petitioner is not entitled to relief. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under

---
[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

Rule 4. However, the court should not dismiss a petition without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). For the reasons explained below, the petition is dismissed, without leave to amend, on the ground that the claims raised therein are not exhausted.[2]

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

Here, petitioner challenges a judgment of conviction entered against him in 2009 in the Solano County Superior Court on charges of transportation of a controlled substance.[3] ECF No. 1 at 2.[4] According to the petition, petitioner did not appeal his conviction or sentence and did not

---

[2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

[3] In an amended petition, petitioner purports to also challenge a judgment of conviction entered against him in 2016 in the Solano County Superior Court on charges of possession of methamphetamine for sale. ECF No. 6. Petitioner may not proceed in this fashion, as Rule 2(e) of the Rules Governing Section 2254 Cases permits habeas petitioners to challenge only one judgment of one state court per habeas petition. *See* Fed. Rules Governing Section 2254 Cases, Rule 2(e) ("A petitioner who seeks relief from judgment of more than one state court must file a separate petition covering the judgment or judgment of each court.").

[4] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

seek review in the California Supreme Court. *Id.* at 5. The petition also shows that petitioner has not filed any other petitions with respect to his conviction. *Id.* at 6. Petitioner explains that he did not appeal and attributes the delay in challenging his conviction to his belief that "recent changes in p.c. 11352 statute provide retroactive remedy to invalidate sentence." *Id.* at 5.

In light of these representations, it appears from the petition that petitioner's claims are totally unexhausted. Although he attempts to excuse any delay in his challenge to his conviction, he has not shown that he was prevented from first presenting his claims to the state courts, or that any appeal to the state courts would be futile. Thus, petitioner has failed to exhaust state court remedies and the California Supreme Court has not yet had the opportunity to resolve petitioner's claims on their merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). This action must therefore be summarily dismissed. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.").

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is dismissed without leave to amend;
2. The Clerk is directed to close the case; and
3. The court declines to issue a certificate of appealability.

DATED: April 19, 2017.

                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE